**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

PEDRO ROSALES-MARTINEZ,
*Plaintiff-Appellant*,

v.

COLBY PALMER, individually and as
a police officer for Reno Police
Department; HEIDI POE, individually
and as an officer for Washoe County
Parole and Probation Department; K.
M. LORENZO, individually and as an
officer for Washoe County Parole
and Probation Department; JENNIFER
REICHELT, individually and as
officer for Parole and Probation
Headquarters General Service Unit
Records; WASHOE COUNTY,
NEVADA; CITY OF RENO;
GAUDALUPE CORTEZ; and STATE OF
NEVADA,
　　　　　*Defendants-Appellees*.

</td>
<td>

No. 12-15077

D.C. No.
3:10-cv-748-
ECR-VPC


OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Junior, Senior District Judge, Presiding

Argued and Submitted
February 13, 2014—San Francisco, California

Filed June 3, 2014

Before: Consuelo M. Callahan and Milan D. Smith, Jr., Circuit Judges, and Alvin K. Hellerstein, Senior District Judge.[*]

Opinion by Judge Hellerstein

## SUMMARY[**]

### Civil Rights

The panel reversed the district court's dismissal of an action brought under 42 U.S.C. § 1983 in which plaintiff alleged that he was unlawfully convicted and imprisoned because defendants, acting under color of state law, unlawfully suppressed the criminal history of a confidential informant who was the main witness against plaintiff.

The panel held that pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the district court erred by dismissing the § 1983 action as time-barred under Nevada's statute of limitations because even though plaintiff learned of defendants' unlawful actions while in prison, plaintiff's § 1983 claim did not accrue until his convictions were later invalidated.

---

[*] The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that plaintiff's complaint sufficiently alleged willful conduct on the part of a police officer for failing to disclose the confidential informant's criminal history. The panel further held that on remand plaintiff should be given an opportunity to file an amended complaint as to his municipal liability claims.

The panel granted Washoe County's motion to supplement the record and took judicial notice of the court documents relating to the ending of plaintiff's jail term. The panel directed that on remand, the district court should consider if and to what extent plaintiff's plea to the crime of Unlawful Giving Away of Controlled Substances affected his § 1983 action.

## COUNSEL

Maxwell V. Pritt (argued), Perry Maxwell Grossman, and Will P. Riffelmacher, Boies, Schiller & Flenxer, LLP, Oakland, California, for Plaintiff-Appellant.

Mark W. Dunagan (argued) and Donald L. Christensen, Deputy City Attorneys, John J. Kadlic, Reno City Attorney, Reno City Attorney's Office, Reno, Nevada, for Defendants-Appellees Colby Palmer and City of Reno.

Herbert B. Kaplan (argued), Deputy District Attorney, and Richard A. Gammick, District Attorney, Washoe County District Attorney's Office, Reno, Nevada, for Defendant-Appellee Washoe County.

**OPINION**

HELLERSTEIN, Senior District Judge:

This is an action for damages under 42 U.S.C. § 1983. The plaintiff, Pedro Rosales-Martinez, complains that he was unlawfully convicted and imprisoned as a result of violations of his constitutional rights. He alleges that the defendants, acting under color of State law, unlawfully suppressed the criminal history of a confidential informant who was the main witness against him, failed to produce the documents reflecting that criminal history, and thus caused him to be found guilty of several counts of drug trafficking and to be sentenced to a term of ten to twenty-five years. Rosales-Martinez alleges that the Nevada state courts recognized the constitutional error, granted his petition for a writ of habeas corpus, and ordered him freed, on December 2, 2008. He alleges that he served four and a half years in prison because of defendants' constitutional errors, and seeks substantial damages.

On motion of defendants, the district court dismissed the action as time-barred because it was not filed within two years of the time Rosales-Martinez learned that the confidential informant had an extensive criminal history which had not been produced to him. We reverse and remand. Pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Rosales-Martinez's cause of action did not accrue until his conviction was held invalid. We write to clarify our law on when a released prisoner's cause of action for constitutional violations accrues, and when the statute of limitations begins to run.

Shortly before argument of the appeal, Defendant Washoe County asked us by motion to take judicial notice of court records describing the circumstances leading to Rosales-Martinez's release from imprisonment and, particularly, a stipulated agreement between Rosales-Martinez and the prosecutor and the minutes of his re-sentencing. We hold that judicial notice is appropriate, but that the district court, following remand, should address the relevance and significance of the court records in relation to the viability of Rosales-Martinez's claim, and the scope of his potential damages.

## STANDARD OF REVIEW

We review the district court's grant of a motion to dismiss *de novo*. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 737 F.3d 613, 615 (9th Cir. 2013). In reviewing the district court's decision we treat the facts alleged in Rosales-Martinez's complaint as true, *id.*, and we construe his complaint liberally because he drafted it *pro se*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, we are "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## BACKGROUND

### I.  District Court Proceedings

Rosales-Martinez, proceeding *pro se*, filed his complaint on December 1, 2010 against the State of Nevada, the City of Reno, Washoe County (in which Reno is located), police officials and prosecutors of those governmental entities, and Guadalupe Cortez, a confidential informant to the police who testified against him.[1]  Rosales-Martinez alleged that Officer Palmer and other defendants entered into an agreement with Guadalupe Cortez to release him if he could help trap Rosales-Martinez as he committed a drug crime.

Rosales-Martinez was arrested on drug charges.  Cortez was the only witness to testify against him.  The Nevada state court ordered the government in pre-trial proceedings to disclose Cortez's criminal history to Rosales-Martinez but, Rosales-Martinez alleges, the government did not do so.  Plaintiff alleges that the defendants knew or should have known that Cortez had an extensive criminal history under the alias Jorge Algarin,[2] and did not disclose that history to the prosecutor or to Rosales-Martinez.

---

[1] Plaintiff served the complaint on four defendants: the City of Reno; Officer Colby Palmer, an employee of the City of Reno Police Department; Washoe County; and Officer Heidi Poe, an employee of the Washoe County Parole and Probation Department; other defendants were not served.

[2] Rosales-Martinez alleges that the defendants' records contained copies of Algarin's criminal history and Algarin's fingerprints, which would have indicated that Algarin and Cortez were the same person.

After a July 2004 trial, Rosales-Martinez was convicted of two counts of Trafficking in a Controlled Substance, one count of Unlawful Giving Away of a Controlled Substance, and one Count of Possession of a Controlled Substance. On September 28, 2004, Rosales-Martinez was sentenced to a term of imprisonment of ten to twenty-five years.

Plaintiff alleges that he learned that Cortez and Algarin were the same person while in prison. With this information, Rosales-Martinez, on an unknown date, filed a petition in the Washoe County District Court for habeas corpus, claiming that the State's failure to disclose Cortez's criminal history violated his constitutional rights. On December 2, 2008, the state District Court granted Rosales-Martinez's petition and ordered his release from prison.

On December 1, 2010, almost two years after he was ordered released, Plaintiff filed this federal court lawsuit. He alleges that defendants violated his constitutional rights by failing to disclose Cortez's criminal history during pre-trial proceedings, and even after his conviction. He alleges that the City of Reno and Washoe County violated his constitutional rights by failing to train employees in record keeping, by failing to create an adequate system for storing and retrieving information, and by treating Mexican-Americans differently from other American citizens.

Defendants Palmer and the City of Reno moved to dismiss Rosales-Martinez's complaint for failure to state a legally sufficient claim, arguing, *inter alia*, that the action was time-barred. Defendants Poe and Washoe County also filed a motion to dismiss and motions for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

On December 13, 2011, the district court granted the City of Reno and Palmer's motion to dismiss, and dismissed the complaint against all defendants as barred by the statute of limitations, without leave to file an amended complaint. Applying the two-year statute of limitations that governs § 1983 actions filed in Nevada, the district court reasoned that Rosales-Martinez's cause of action had accrued when he first "knew or had reason to know of Defendants' alleged withholding of exonerating information." That was the time, the district court ruled, that Plaintiff knew that his constitutional rights to a fair trial had been violated because of the prosecution's failure to produce *Brady* and *Giglio* material. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). Since Rosales-Martinez had known about these violations before the December 2, 2008 order of the Washoe County District Court ordering his release from prison, more than two years had elapsed before Rosales-Martinez filed his § 1983 action on December 1, 2010. Hence, the district court ruled, Rosales-Martinez could no longer sue.

## II.  The Record on Appeal

Rosales-Martinez, proceeding *pro se*, filed a timely appeal from the district court's judgment. This Court appointed *pro bono* counsel to represent him on appeal.

Just seven days before the oral argument scheduled in this case, Washoe County moved to supplement the record on appeal with court records relating to the ending of Rosales-Martinez's jail term. Specifically, Washoe County asked this Court to take judicial notice of a stipulated agreement between the prosecutor and Rosales-Martinez, a plea of guilty by Rosales-Martinez to the least serious of the charges of

which he was convicted, and his sentence of a certain portion of the time he served in custody.  These documents, if admitted, suggested the possibility of a different context to Rosales-Martinez's allegation that the Washoe County District Court simply ordered him to be released in response to his petition for habeas corpus.

The court documents are summarized as follows:  A stipulated agreement of December 2, 2008 between Rosales-Martinez (represented by counsel) and the State of Nevada, acting through the Washoe County District Attorney's Office, providing that Rosales-Martinez's conviction "[was] vacated based on the cumulative errors ground as alleged in [Rosales-Martinez's habeas] petition;"  that, in return, Rosales-Martinez would plead guilty to one count of Unlawful Giving Away of a Controlled Substance, a crime which had been charged in Count IV of the Second Amended Information against Rosales-Martinez; and that Rosales-Martinez would withdraw his petition for habeas corpus with prejudice.  The stipulated agreement went on to provide that the State would recommend to the court that Rosales-Martinez be immediately sentenced to time served, and would dismiss all other charges against Rosales-Martinez, with prejudice.

In a second court document dated the same day, Rosales-Martinez signed a guilty plea memorandum, pursuant to which he pleaded guilty to the offense of Unlawful Giving Away a Controlled Substance in violation of Nev. Rev. Stat. § 453.321.  In the plea memorandum, he stated that he gave methamphetamine, a Schedule I controlled substance, to an undercover police officer and that he faced imprisonment for a period of one to six years in the Nevada State Department

of Corrections.**³**  The plea memorandum noted that the State had agreed to stipulate that the time served in his case would be "all the time that I have served," but also noted that the state court was not bound by the parties' agreement and could impose a different sentence.

In a third court document, the minutes of a court proceeding based on the stipulation between the parties, the Washoe County District Court "vacate[d] the convictions" in Rosales-Martinez's criminal case "based on the cumulative errors ground [sic] as alleged in [his habeas] petition."  On December 2, 2008, the court entered an amended judgment, finding that Rosales-Martinez was guilty of the crime of Unlawful Giving Away of a Controlled Substance.  The court imposed a punishment of "time already served" and gave Rosales-Martinez credit for five hundred and one days time served.**⁴**  The Court's amended order was *nunc pro tunc*,**⁵** to September 28, 2004.

---

**³** Section 453.321(1)(a) provides that "it is unlawful for a person to . . . give away . . . a controlled . . . substance."  Under Nevada law, a violation of subsection (1) involving a schedule I controlled substance, such as methamphetamine, shall be punished by between one and fifteen years' imprisonment, depending on the defendant's prior offenses, and a fine of not more than $20,000.  Nev. Rev. Stat. § 453.321(2)(a)–(c).  A first time offender faces imprisonment of between one and six years.  *Id.*

**⁴** If Rosales-Martinez had been incarcerated between September 28, 2004 and December 2, 2008, as he alleges, his time in prison substantially would have exceeded 501 days.

**⁵** "A *nunc pro tunc* order is an order that is entered retroactive to a certain date."  *Mack v. Estate of Mack*, 206 P.3d 98, 101 n.2 (Nev. 2009).

Presumably, Rosales-Martinez was released from custody on the same day as all this occurred, on December 2, 2008, as he alleges in his complaint.

## DISCUSSION

### I.  The Motion to Supplement the Record and Take Judicial Notice

We grant Washoe County's motion to supplement the record.  It is well established that we may take judicial notice of judicial proceedings in other courts.  *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  And, while the motion was filed at the eleventh hour, the Ninth Circuit Rules do not place time limits on requests that this Court take judicial notice of proceedings in other courts.  The court documents provide relevant and material details adding to and clarifying the allegations of the complaint relating to plaintiff's release from jail.  Without the court documents, we would be bound to accept, without question, Rosales-Martinez's allegation that the Washoe County District Court had granted his habeas petition on the basis of its allegations.  The court documents reveal a more complicated and somewhat different account, suggesting the invalidity of the more serious counts of drug trafficking, the continuing validity of Rosales-Martinez's conviction for the less serious drug crime of Unlawful Giving Away, and a new sentence giving credit for a portion of the jail term that he already served.

There is no question that justice requires us to consider the full events relating to the invalidation of Plaintiff's convictions and jail term, and not merely a simplified, and

perhaps somewhat misleading, conclusory allegation of what occurred. Courts are instructed, in deciding Rule 12(b)(6) motions, to read the allegations of a complaint in the context of the full documents which the allegations purport to summarize and, where appropriate, to accept the documents, rather that a characterization of the documents, as the true account. *See Cooper v. Pickett*, 137 F.3d 616, 622–23 (9th Cir. 1997). Thus, we grant Washoe County's motion to supplement the record, and we take judicial notice of the court documents presented by the motion.

## II. The Accrual of Rosales-Martinez's Claim

The district court dismissed Rosales-Martinez's claim as untimely because it was not filed within the two years allowed by Nevada law. Nevada law provides the statute of limitations because, in the absence of a federal provision for § 1983 actions, the analogous state statute of limitations for personal injury claims applies. The applicable statute of limitations in Nevada is two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); Nev. Rev. Stat. § 11.190(4)(e).

However, "[f]ederal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). In the ordinary case, "[a] federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation marks omitted). Applying that rule, the district court evaluated Rosales-Martinez's claims. The complaint alleges that Rosales-Martinez was injured by the suppression of evidence and his wrongful conviction. Thus, the district court ruled that Rosales-Martinez was aware that Defendants

failed to produce Cortez's criminal record some time before his sentence was invalidated on December 2, 2008, and therefore more than two years before Rosales-Martinez filed his § 1983 action, on December 1, 2010.

However, as we recently held, a prisoner's claim for relief based on an unlawful sentence does not accrue until his sentence is invalidated, necessarily a later date than when he learned of the prosecutor's unlawful actions. *See Jackson v. Barnes*, — F.3d —, Dkt. No. 09–55763, 2014 WL 1424448, at *3 (9th Cir. April 14, 2014). That decision followed *Heck*, 512 U.S. 477.[6]

In *Heck*, plaintiff Heck, a state prisoner serving time for voluntary manslaughter, filed a § 1983 action in federal court seeking damages for various constitutional violations that he alleged had occurred during his prosecution. Noting "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," *id.* at 486, the Supreme Court dismissed Heck's case, holding that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been

---

[6] Defendants argue that Rosales-Martinez cannot rely on *Heck* in this Court, because he did not cite it before the district court. But, since Rosales-Martinez argued in the district court that the statute of limitations did not begin to run until his release from prison he preserved the argument, even though he did not expressly cite *Heck*.

> reversed on direct appeal, expunged by
> executive order, declared invalid by a state
> tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254.

*Id.* at 486–87.

The Supreme Court explained that under its ruling, a § 1983 action challenging a conviction or sentence does not "exist[]" until the conviction or sentence is invalidated. *Id.* at 489. Since such an action cannot be pursued until the underlying conviction or sentence is invalidated, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence cannot accrue until the conviction or sentence has been invalidated." *Id.* at 489–90. Thus, the *Heck* rule for deferred accrual "delays what otherwise would be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (emphasis omitted).

To determine whether the *Heck* rule applies, "the district court must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487 (emphasis added); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1206–07 (9th Cir. 2001) (finding *Heck* inapplicable to a § 1983 action based on an alleged violation of extradition rights, because the "allegations, if proven, would not invalidate [plaintiff's] incarceration"). If a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence, then the cause of action does not

accrue until that conviction or sentence has been invalidated. *Heck*, 512 U.S. at 487; *Wallace*, 549 U.S. at 393. This requires an inquiry into what a plaintiff would need to prove in order to succeed on his theory of the case, not an inquiry into whether a plaintiff would be able to succeed on the merits. *See Owens v. White*, 342 F.2d 817, 819 (9th Cir. 1965) ("Whether [a] plaintiff's claim has accrued is a question of law . . . [that] does not reach the merits of the claim but instead involves the very existence of the claim itself.").

Rosales-Martinez seeks to recover damages in this civil case because of an unconstitutionally procured conviction in his criminal case. Rosales-Martinez claims that his conviction and imprisonment were invalid because the Defendants failed to disclose in his criminal case the criminal history of Cortez, the main witness against him, thus violating their constitutional obligations and Rosales-Martinez's right to a fair trial. If Rosales-Martinez were to recover a judgment in his civil case, it would mean that his conviction was invalid. *Heck* therefore teaches that Rosales-Martinez's claims did not accrue until the Nevada court vacated those convictions on December 2, 2008. Since Rosales-Martinez commenced his lawsuit on December 1, 2010, less than two years after December 2, 2008, his claim was timely and the district court erred in dismissing it as time-barred. We discuss the remedy for that error later in this decision.

### III.    Claims Against Palmer

Defendant police officer Colby Palmer adds an additional argument for dismissing the complaint against him. Palmer argues that the district court should have dismissed Rosales-Martinez's claims against him, even if timely, because the

complaint did not allege that Palmer acted with deliberate indifference or reckless disregard.[7]  As Palmer argues, "[a] § 1983 plaintiff must show that police officers acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors." *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009).

We reject Palmer's argument.  Rosales-Martinez's complaint alleges that Palmer knew or should have known about Cortez's criminal history and that Palmer "failed or refused" to disclose that history when ordered to do so by the County Court.  Particularly in the context of a *pro se* complaint, the allegation of willful conduct is sufficient.

## IV.    Claims Against Washoe County and the City of Reno

Rosales-Martinez concedes that his complaint, as written, does not plead sufficient facts to state claims for municipal liability.  Accordingly, his claims against Washoe County and the City of Reno are dismissed without prejudice.  On remand, Rosales-Martinez should be given an opportunity to file an amended complaint against these defendants. *See A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637–38 (9th Cir. 2012); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

---

[7] Even though the district court did not address this argument, we consider it in the first instance because Palmer raised the argument before the district court and "we may sustain the dismissal for reasons not addressed by the court below." *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1086 (9th Cir. 1991).

## V.  Considering the Judicially Noted Facts of Record on Remand

The court records relating to the invalidation of Rosales-Martinez's conviction and his release from custody present a more complicated picture of the events than the simple allegation of his complaint, that "[u]pon review of the petition for habeas corpus," the state court ordered his release.  When reading a complaint that incorporates or summarizes documents, we may also consider the documents thus incorporated or summarized.  *See Cooper*, 137 F.3d at 622–23.

On December 2, 2008, Rosales-Martinez agreed to plead guilty on the understanding that the prosecutor would recommend a sentence of "time served," which could be "all the time I have served," but accepted that the court "could impose a different sentence."  The sentencing judge gave Rosales-Martinez credit for 501 days "time served," *nunc pro tunc* to September 28, 2004, the date of Rosales-Martinez's original twenty year sentence.  Immediately after this agreement, plea, and sentence, Rosales-Martinez was freed.

The fact that Rosales-Martinez was reconvicted following the vacation of his initial convictions, means that he still has an outstanding conviction.  This outstanding conviction raises the question whether Rosales-Martinez's § 1983 action is barred by *Heck*'s holding that "[a] claim for damages [based] on a conviction or sentence that has not been so invalidated is not cognizable."  *See Heck*, 512 U.S. at 487.

We held recently that a successive conviction of guilt following a re-trial did not bar a § 1983 claim.  *Jackson*, 2014 WL 1424448, at *3.  In that case, the prosecutor had offered

Jackson's admission as proof of guilt. However, the admission was obtained unconstitutionally, without advising Jackson of his right to remain silent, in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The conviction was held invalid. Jackson, who remained in prison having been convicted of other crimes, was re-tried, convicted, and sentenced to twenty-six years in prison.

Meanwhile, Jackson filed a § 1983 lawsuit, seeking damages for his initial conviction. The district court dismissed the suit, holding that under *Heck v. Humphrey*, his claim for damages was inconsistent with the judgment of conviction following his re-trial. The panel reversed, holding that since the conviction initially obtained was invalidated, a § 1983 lawsuit would not be inconsistent, even though the later trial produced a like judgment of conviction. *See Jackson*, 2014 WL 1424448 at *3 (noting that the § 1983 action did "not have any bearing on" the second conviction).

The panel ruled that while Jackson could state a claim, he was not entitled to any compensatory damages for his time in prison, since Jackson "was not imprisoned for any additional time as a result of his first, illegal conviction." *Id.* at *4. However, Jackson could seek punitive and nominal damages. *Id.* The panel remanded the case to the district court for further proceedings not inconsistent with the panel's ruling.

*Jackson* cited with approval a recent en banc decision of the Second Circuit, *Poventud v. City of New York*, — F.3d —, No. 12-1011, 2014 WL 182313 (2d Cir. Jan. 16, 2014) (en banc). There, the defendant had been convicted in the New York state courts of attempted murder, robbery and assault of a driver of a taxicab, and sentenced to a term of custody of 10 to 20 years. After serving six years, the state court

invalidated the conviction because of the prosecutor's failure to disclose material evidence relevant to the credibility of the main witness against defendant, in violation of his constitutional right to a fair trial under *Brady*, 373 U.S. 83, and *Giglio*, 405 U.S. 150. Defendant then entered into a plea agreement with the prosecutor pursuant to which defendant pleaded guilty of attempted robbery, agreed to a sentence of one year of the time he served, and immediately was released. He then filed a § 1983 lawsuit. The district court dismissed his claim as inconsistent with *Heck v. Humphrey*. The Second Circuit, en banc, reversed and remanded to the district court for further proceedings. The en banc court wrote six opinions. Ten of the judges favored a remand to sort out the scope of consistency and inconsistency with *Heck*; six seemed to favor dismissal of the case.

In *Poventud*, the defendant had contested his guilt by presenting an alibi. The dissenting judges argued that his plea of guilty to attempted robbery was inconsistent with any notion of alibi as a defense, and a § 1983 lawsuit, if allowed, would be inconsistent with the judgment of conviction ultimately obtained, and thus also be inconsistent with *Heck v. Humphrey*. *See Poventud*, 2014 WL 182313 (Jacobs, J., dissenting); *id.* (Livingston, J., dissenting). Judge Lynch, concurring with the majority, expressed the view that defendant's agreement to plead guilty to a lesser offense and to a time-served sentence was the practical price for immediate freedom, and that this realism should prevail over notions of logical consistency. The rest of the majority took the view that there was no inconsistency between the defendant's § 1983 claim based on the invalidation of the conviction for attempted murder and his plea, after that invalidation, to attempted robbery of the taxicab driver. The

en banc court left the issue of damages to the district court to sort out. *See Poventud*, 2014 WL 182313, at \*11 & n.8.

The viability and scope of Rosales-Martinez's § 1983 claim, in relation to *Heck v. Humphrey* and pursuant to *Jackson* should be evaluated by the district judge on remand. In that connection, Rosales-Martinez's December 2, 2008 guilty plea to one of the original four counts and the credit he received for 501 days of prison time for that sentence suggests a continuous validity to a portion of his original conviction and sentence, and a possible inconsistency between it and a § 1983 action, which may pose a distinction with *Jackson*. In *Jackson*, the entire initial conviction was held invalid; thus, the Ninth Circuit held, the § 1983 case could proceed without violating the rule of *Heck v. Humphrey*. In our case, Rosales-Martinez pleaded guilty to one of the four counts of his original conviction, with the other three being held invalid. On remand, the district judge might consider if this and other differences between the case before us and the decision in *Jackson* are significant. For example, the district judge may wish to consider the extent to which Rosales-Martinez can seek compensatory damages based on the convictions that were vacated as invalid, and the time he served on the count that remained valid, for which he was given credit for 501 days of time served. The district judge may also wish to consider whether any of the facts Rosales-Martinez allocuted to in his December 2, 2008 plea are inconsistent with his allegations in this § 1983 action. These questions are illustrations; the district judge is free to pursue all relevant facts and inquiries.

Although we took judicial notice of the court records relating to Rosales-Martinez, Rosales-Martinez has not had an opportunity to present his views with regard to these

records. A court of appeals should not rule on the significance of Rosales-Martinez's plea in the absence of a complete record and the comments of both sides, plaintiff and defendants, and without the benefit of the district court's analysis. Accordingly, we remand this case to the district court so that it may consider such a full record.

## CONCLUSION

Rosales-Martinez's § 1983 claims for wrongful conviction did not accrue until his convictions were vacated. Accordingly, the district court erred in dismissing his action as untimely. On remand, the district court should consider if and to what extent Rosales-Martinez's plea to the crime of Unlawful Giving Away of Controlled Substances affects his § 1983 action.

**REVERSED and REMANDED**.