

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUGUSTINE FALLAY, | No. 10-16437 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-02261-CRB |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted January 12, 2015
San Francisco California

Before: NOONAN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiff Augustine Fallay appeals the district court's dismissal of his Second Amended Complaint ("SAC") with prejudice against (1) the United States and FBI Agents David Carr and Bruce Whitten ("Federal Defendants"), (2) the City and County of San Francisco, the San Francisco Department of Building Inspection, the San Francisco District Attorney's Office, city employees Lawrence Badiner, Craig Nikitas, Amy Lee, Karla Johnson, and Raymond Tang (collectively, "City Defendants"), (3) First American Specialty Insurance Company and its employees Robert Dalton and Cindy Lloyd ("FASIC Defendants"), and (4) Tony Fu and Crystal Lei, private citizens and alleged developers of property. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

## I. Federal Defendants

As to Federal Defendants David Carr and Bruce Whitten, we reverse the district court's order dismissing the SAC with prejudice because Fallay could have amended his SAC to allege a *Bivens* action for malicious prosecution. Fallay's *Bivens* claim for malicious prosecution was not barred by the statute of limitations because it did not accrue until after the state court criminal proceedings terminated. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002). Additionally, the district court's dismissal for lack of service did not render Fallay's *Bivens* claim untimely. Because Fallay's *Bivens* claim arises from the

2

same conduct forming the basis for the claims alleged in his original complaint, the amendment would relate back to the date his original complaint was filed. *See* Fed. R. Civ. P. 15(c), *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982), Federal Rule of Civil Procedure 4 Advisory Committee Notes 1993 Amendment, Subdivision (i).

Fallay does not challenge the district court's order except for his argument regarding the *Bivens* claim for malicious prosecution, which was discussed above. Accordingly, we affirm the district court's order dismissing Fallay's other federal claims against the Federal Defendants.

## II.  City Defendants

Regarding the City Defendants, we reverse the district court's order dismissing Fallay's § 1981, § 1983, and § 1985 claims on the basis that such claims were barred by the statute of limitations. The statute of limitations for claims under § 1981(b), the clause at issue in this litigation, is four years. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-84 (2004). Regarding Fallay's § 1983 and § 1985 claims for false arrest, unlawful detention, and malicious prosecution, California Government Code § 945.3 tolled the statute of limitations during Fallay's criminal proceedings. Fallay failed to allege the date tolling

3

started;[1] however, leave to amend should have been granted because amendment would not have been futile.

Although we reverse the decision on the statute of limitations ground, we affirm the dismissal of the claims against the District Attorney's Office and Tang for their conduct in filing the criminal charges against Fallay and for actions taken during the prosecution because absolute immunity applies to those acts. *See Genzler v. Longanbach*, 410 F.3d 630, 636-38 (9th Cir. 2005). It is not clear whether or not absolute immunity applies to the investigation prior to the criminal charge and proceedings, so we leave this issue to be resolved upon remand to the district court. *See id.*

We also affirm the dismissal of Fallay's § 1983 false arrest, detention, and malicious prosecution claims against Amy Lee because Fallay failed to allege facts indicating she had any part in those acts. *See Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988) (holding that individual must have acted, participated in an act, or omitted to perform a legally required act resulting in the deprivation of rights in order to be liable under § 1983).

---

[1] We grant Fallay's request to take judicial notice of the date the Information was filed in his criminal proceedings pursuant to Federal Rule of Evidence 201. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014).

We decline to consider the other alternative grounds to affirm raised by the City Defendants, leaving such arguments for the district court to consider in the first instance.[2]

## III. FASIC Defendants

We affirm the district court's dismissal of Fallay's § 1983 claims with prejudice against the FASIC Defendants because Fallay's allegations do not indicate that these defendants were state actors. Fallay failed to allege facts that the FASIC Defendants had an "agreement or meeting of the minds" with the government to violate his constitutional rights. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783-84 (9th Cir. 2001). The district court correctly concluded that amendment would be futile – in Fallay's opposition to FASIC's motion to dismiss the First Amended Complaint, Fallay argued that the FASIC Defendants lied to the government, indicating that FASIC and the state actors did not agree to work in concert to violate his constitutional rights.

---

[2] We grant the City Defendants' request to take judicial notice of Exhibit B, consisting of documents from the state court criminal proceedings, and Exhibit C, consisting of copies of county rules. Fed. R. Evid. 201. However, we decline to take judicial notice of Exhibit A, the arbitration decision, because it raises arguments about the facts that may not be addressed in this appeal. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

5

We affirm the district court's dismissal of Fallay's § 1985 claims against the FASIC Defendants because Fallay failed to allege that their actions were motivated by discriminatory animus. *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002). Although Fallay argues that he alleged facts of discriminatory animus in his opposition to FASIC's motion to dismiss the SAC, he failed to include such allegations in the SAC after he had been notified upon dismissal of the FAC that allegations regarding discriminatory animus were necessary. To the contrary, the SAC affirmatively alleged a different motivation on the part of the FASIC Defendants, that they had hostile feelings toward Fallay growing out of Fallay's previous insurance claim.

## IV. Defendants Tony Fu and Crystal Lei

We affirm the district court's dismissal of both the federal and state law claims against Tony Fu and Crystal Lei because res judicata bars Fallay's lawsuit against these defendants. The federal courts give "full faith and credit" to judicial proceedings of the state courts. *Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010). The state court lawsuit involved allegations that Fu and Lei lied about the loan "to get plaintiff prosecuted."[3] Because the state

---

[3] We grant Fu and Lei's request to take judicial notice of the state court documents submitted for consideration of this appeal. Fed. R. Evid. 201.

6

court proceedings involved the same harm alleged in this federal case, the action is barred and amendment of the SAC would have been futile. *See Adam Bros. Farming*, 604 F.3d at 1149 n.5 (citing *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir.1993)).

Notwithstanding the dismissal of the claims, we deny Fu and Lei's motion to sanction Fallay because it was not readily apparent that his claims were frivolous.

## V.  State Law Claims

We vacate the district court's dismissal of the state law claims against the Federal Defendants, the City Defendants, and the FASIC Defendants because the district court declined to exercise supplemental jurisdiction over the state law claims after dismissing the federal claims. Because the federal claims against the Federal and City Defendants remain at issue in this litigation, the district court retains jurisdiction over the state law claims against these defendants. *See* 28 U.S.C. § 1367(a) *and Executive Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Although the federal claims against the FASIC Defendants were properly dismissed, we leave the issue of whether or not supplemental jurisdiction should be exercised over the state law claims against the FASIC Defendants to be

7

determined in the first instance by the district court.  *See Executive Software*, 24 F.3d at 1555-56 (holding that supplemental jurisdiction must be asserted if permitted by 28 U.S.C. § 1367(a) unless an exception in § 1367(c) applies).

Nothing in this order should be construed as commenting on the merits of this case, or the lack thereof, in the subsequent proceedings upon remand.

Costs awarded to the FASIC Defendants, Fu, and Lei.  All other parties to bear their own costs.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.