NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENARD TRUMAN POLK, | No. 15-17491 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00073-MMD-VPC |
| v. | |
| DWAYNE DEAL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Renard Truman Polk, a Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

Fourteenth Amendment due process claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016) (summary judgment); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (failure to exhaust administrative remedies); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (statute of limitations). We affirm.

The district court properly dismissed as untimely Polk's claims arising from the alleged taking of Polk's personal property in 2008, 2009, and 2010 because Polk filed this action years after the statute of limitations had run. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (under Nev. Rev. Stat. § 11.190(4)(e), the statute of limitations for § 1983 actions in Nevada is two years).

The district court properly granted summary judgment for failure to exhaust administrative remedies Polk's claims arising from the confiscation of his personal property because Polk failed to raise a genuine dispute of material facts as to whether he properly exhausted his administrative remedies or whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (emphasis, citation, and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (exhaustion not required when administrative remedy is unavailable).

The district court properly dismissed Polk's claim based on deductions from his inmate account for legal materials because the deductions were authorized by a

valid act of the Nevada legislature, and the legislative process satisfies the requirements of procedural due process. *See* Nev. Rev. Stat. § 209.246(3)(a)-(c) (authorizing deductions from an inmate's personal account for postage, legal photocopies, legal supplies and other costs "related to litigation" that the prison incurs on behalf of the inmate); *Halverson v. Skagit County*, 42 F.3d 1257, 1260-6 (9th Cir. 1994) ("[G]eneral notice as provided by law is sufficient.").

Polk's pending motion (Docket Entry No. 31) is denied.

**AFFIRMED.**