NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN KINFORD, | No. 16-16331 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00512-RCJ-WGC |
| v. | |
| JAMES PINCOCK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Nevada state prisoner Steven Kinford appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state claims relating to his medical treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Serra v. Lappin*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Kinford's medical deliberate indifference claim and medical malpractice claim because they were barred by the statute of limitations. *See* NRS 11.190(4)(e); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (explaining that forum state's personal injury statute of limitations applies to § 1983 claims and Nevada's relevant statute of limitations is two years); *Libby v. Eighth Judicial Dist. Court*, 325 P.3d 1276, 1279-80 (2014) (Nevada law "requires a plaintiff to satisfy both the one-year discovery rule and the three-year limitations period" for medical malpractice claims under NRS 41A.097(2)).

The district court did not abuse its discretion by dismissing Kinford's complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in denying Kinford's motions to appoint counsel because Kinford did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued

in the opening briefs, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**