NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM TIDMARSH,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>NYE COUNTY; et al.,<br><br>  Defendants-Appellees. | No. 17-16475<br><br>D.C. No.<br>2:15-cv-01970-APG-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted February 11, 2019[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

William Tidmarsh, a Nye County patrol officer, was prosecuted for alleged sexual assault of a female to whom he gave a ride home. He brought civil claims against several Nye County officials and investigators ("officials") for their roles in the investigation and prosecution. The district court granted summary judgment in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favor of the officials. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a grant of summary judgement. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied substantive law." *Id.*

Tidmarsh's claim that he suffered a *Brady* violation because he was not given an internal investigation report before his preliminary hearing is time barred. Because there is no federal provision for a § 1983 action, the analogous Nevada two-year statute of limitations for personal injury claims applies. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014); Nev. Rev. Stat. § 11.190(4)(e). "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Rosales-Martinez*, 753 F.3d at 895 (citation and quotation omitted). Because Tidmarsh "ha[d] reason to know" about the internal investigation and that the report had not been turned over before the preliminary hearing in July 2009, more than two years before he filed suit on October 13, 2015, this claim is time barred.

Tidmarsh's equal protection claim is also untimely. "[T]he standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action,

. . . that is, when the plaintiff can file suit and obtain relief," applies here. *Wallace v. Kato*, 549 U.S 384, 388 (2007) (quotations and citations omitted). For Tidmarsh, that date would be 2009 at the latest, when the investigation was completed and charges submitted, because at that point he knew about the injuries that constitute his claim. That date is more than two years earlier than October 13, 2015, when he filed suit.

Two of Tidmarsh's state law claims, intentional infliction of emotional distress and conspiracy, also are untimely. The statute of limitations for intentional infliction of emotional distress is two years. Nev. Rev. Stat. § 11.190(4)(e). The statute of limitations for civil conspiracy is four years and runs from the date of injury. *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998). The alleged misconduct occurred in 2009, more than six years before suit was filed.

Tidmarsh's malicious prosecution claim, along with related municipal liability and conspiracy claims, fail on the merits. "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quotation and citation omitted).

Tidmarsh presented no evidence that the officials sought his prosecution in

an effort to deny him equal protection or another constitutional right, or that the prosecution was motivated by malice.

The claim also fails because at the conclusion of the preliminary hearing, a state judge made a probable cause determination. *Awabdy*, 368 F.3d at 1067 (holding that there is prima facie probable cause when a judge "hold[s] a defendant to answer" in state court after a preliminary hearing). Finally, the officers "independently investigate[d]" the claim, and interviewed the female victim and others who corroborated her story. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 976-77 (9th Cir. 2003).

**AFFIRMED.**