**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH ANTONETTI, | No. 21-16687 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00396-MMD-WGC |
| v. | |
| E. K. McDANIELS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Nevada state prisoner Joseph Antonetti appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Antonetti's due process claims regarding his confinement in administrative segregation, including any such confinement on the basis of his security threat group ("STG") classification, because Antonetti failed to raise a genuine dispute of material fact as to whether he was denied any procedural protections that were due. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (setting forth due process requirements for placement in administrative segregation and continued segregated confinement); *see also Sandin*, 515 U.S. at 483-84 (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

To the extent any due process claim was based on the initial STG classification decision, the district court properly granted summary judgment because Antonetti failed to bring such claim within the applicable statute of limitations. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (explaining that the forum state's personal injury statute of limitations applies to § 1983 claims and Nevada's relevant statute of limitations is two years); *see also Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (under federal law, which determines accrual, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action"

(citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Antonetti's retaliation claim regarding his confinement in administrative segregation because Antonetti failed to raise a triable dispute as to whether defendants took an adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a First Amendment retaliation claim in the prison context).

The district court did not abuse its discretion by denying Antonetti's motions for reconsideration of the order granting summary judgment because Antonetti failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion by denying Antonetti's motions to compel because Antonetti did not comply with the federal and local rules. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court is vested with broad discretion to permit or deny discovery).

The district court did not abuse its discretion by denying Antonetti's motion for additional time to respond to the motion for summary judgment to obtain further discovery because Antonetti failed to satisfy the requirements for a

21-16687

continuance. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (explaining that a district court's order denying additional discovery is reviewed for an abuse of discretion and setting forth the requirements for a continuance under Rule 56); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (noting a district court's "considerable latitude in managing the parties' motion practice").

To the extent Antonetti challenges the district court's denial of his motion for a temporary restraining order to prevent his transfer to another prison, the issue is moot.

We reject as meritless Antonetti's contention that the outcome of summary judgment would have been different had the district court considered his objections to the report and recommendation.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider arguments incorporated by reference into the briefs. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (this court reviews only issues argued specifically in a party's opening brief); 9th Cir. R. 28-1(b) ("Parties must not append or incorporate by reference briefs submitted to the district court . . . or refer this Court to such briefs for the arguments on the

merits of the appeal.").

Antonetti's motion for an extension of time to file a reply brief is denied as moot because his reply brief was timely submitted.

Antonetti's requests to appoint counsel, set forth in his motion for appointment of counsel and opening brief, are denied.

**AFFIRMED.**