NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KUI Z. MYLES, | No.   20-55910 |
| Plaintiff-Appellant, | D.C. No.<br>5:19-cv-02036-PSG-KK |
| v. | |
| UNITED STATES OF AMERICA; DAVID MARIN; BRIAN DEMORE; FRANCIS M. JACKSON; ARACELI TREVINO; DAVID GASSMANN; TROY THOMPSON; STEVEN LOVETT, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted December 10, 2021
Pasadena, California

Before:  BERZON and BEA, Circuit Judges, and BENNETT,** District Judge.

Kui Z. Myles filed a complaint against the federal government and five

Department of Homeland Security ("DHS") employees alleging malicious

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

prosecution, abuse of process, negligence, intentional infliction of emotional distress, a First Amendment *Bivens* claim, a Second Amendment *Bivens* claim, a Fifth Amendment *Bivens* claim, a Fourteenth Amendment *Bivens* claim, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and a violation of civil rights under 42 U.S.C. § 1986. The district court dismissed Myles's complaint in its entirety on grounds of untimeliness, lack of administrative exhaustion, and discretionary function immunity. We address the latter issue in a concurrently filed opinion. With respect to the other two issues, we affirm in part, reverse in part, and remand for further proceedings.

1. We affirm the dismissal of Myles's section 1986 claim. Causes of action arising under 42 U.S.C. § 1986 must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. A cause of action cannot accrue until each of its elements has transpired. *See, e.g.*, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). An element of Myles's section 1986 claim is that the five individual defendants had the power to prevent or aid in the prevention of unlawful acts—namely, malicious prosecution and the associated commission of perjury, obstruction, tampering with witnesses, and fabrication of evidence—that occurred throughout the state criminal proceeding, but they neglected or refused to do so. A claim closely associated with a claim for malicious prosecution does not accrue until criminal proceedings are terminated in

2

the plaintiff's favor.  *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895–96 (9th Cir. 2014).  Myles's claim therefore accrued in November 2017, when the state criminal case was dismissed in her favor.  Myles filed her complaint in October 2019, more than one year after November 2017.  Her section 1986 claim was untimely.

2.  We reverse the dismissal of Myles's section 1985 claim.  Causes of action arising under 42 U.S.C. § 1985 are subject to the limitations period of analogous state personal injury claims.  *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711–12 (9th Cir. 1993).  California applies a two-year statute of limitations for personal injury actions, Cal. Civ. Proc. Code § 335.1, so Myles was required to file her complaint within two years of the date upon which her section 1985 claim accrued.  An element of Myles's section 1985 claim is that the five individual defendants conspired to injure her through the malicious prosecution and the related misconduct.  So, as with her section 1986 claim, Myles's section 1985 claim accrued only once the criminal proceeding resolved in her favor in November 2017.  *See, e.g.*, *Heck*, 512 U.S. at 489; *Rosales-Martinez*, 753 F.3d at 895–96.  Myles filed her complaint in October 2019, within the two-year limitations period.  Her section 1985 claim was timely.

3.  We affirm the dismissal of Myles's tort claims for abuse of process, negligence, and intentional infliction of emotional distress ("IIED") to the extent

that they focus on conduct occurring after Myles's reinstatement in 2017.  The

Federal Tort Claims Act does not authorize plaintiffs to bring tort suits against the

United States unless they have exhausted their administrative remedies.  28 U.S.C.

§ 2675(a); *Jerves v. United States*, 966 F.2d 517, 518–19 (9th Cir. 1992).  Myles

has not exhausted her administrative remedies for injuries "that occurred after her

return to work in 2017."  The district court did not err in dismissing Myles's tort

claims to the extent that they focus on such injuries.

4. We reverse the dismissal of the version of Myles's tort claims for abuse

of process, negligence, and IIED to the extent that they focus on conduct occurring

between 2014, when Myles reported that she was again experiencing harassment,

and November 2017, when she was reinstated following the dismissal of the state

criminal case.

The 2014 to 2017 tort claims, which were administratively exhausted, were

dismissed by the district court on the ground that they were untimely.  A plaintiff's

claim cannot accrue until she becomes aware of her injury and its immediate cause.

*United States v. Kubrick*, 444 U.S. 111, 122 (1979); *see also Brown v. United

States*, 353 F.3d 578, 579 (9th Cir. 1965).  But that awareness is not the only

prerequisite to accrual.  As explained, a cause of action cannot accrue until each of

its elements has occurred.  *See, e.g.*, *Pollock v. Tri-Modal Distrib. Servs., Inc.*, 11

Cal. 5th 918, 930–31 (2021); *see also Petrella*, 572 U.S. at 670.  California's

4

continuing violations doctrine "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013); *see also Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338, 1363–64 (2000).

(i)  Myles asserts a negligent retention claim.  One element of a negligent retention claim is that the employer knew or should have known "facts which would warn a reasonable person that the employee" presented an undue risk of harm to third parties.  *Federico v. Super. Ct.*, 59 Cal. App. 4th 1207, 1214 (1997); *see also Dent v. Nat'l Football League*, 902 F.3d 1109, 1122 (9th Cir. 2018).  The federal government was not on notice that the DHS officials presented an undue risk of harm to third parties until the state criminal case concluded in Myles's favor as, until that point, it was not clear the DHS officials had instigated and maintained a baseless criminal case against an innocent person.  Myles's negligent retention claim thus accrued in November 2017.  As she filed her complaint in October 2019 and the claim is subject to a two-year statute of limitations, Cal. Civ. Proc. Code § 335.1, the claim was timely raised.

(ii)  Myles asserts an abuse of process claim.  The two elements of an abuse of process claim in California are: (1) "a willful act in the use of [a] process not proper in the regular course of the proceeding" such that the act constitutes a

5

"misuse" of the process; and (2) "an ulterior purpose." *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 884–857 (1992) (quoting *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168 (1986)); *Friedman v. Stadum*, 171 Cal. App. 3d 775, 779 (1985). Each qualifying "willful act" tolls the statute of limitations period. *Kappel v. Bartlett*, 200 Cal. App. 3d 1457, 1467–68 (1988); *Cantu*, 4 Cal. App. 4th at 890–91; *see also Aryeh*, 55 Cal. 4th at 1192.

Myles's complaint alleges that DHS officials tampered with witnesses, made false statements, and submitted fabricated evidence to the OCDA "through November 2017." For example, Gassmann attended a November 2017 hearing in which he continued to insist upon Myles's guilt "despite his knowledge that the case against [Myles] was unmeritorious." As the complaint alleges willful acts asserted to constitute abuse of process that occurred within the two-year statute of limitations period, Cal. Civ. Proc. Code § 335.1, it was not proper to dismiss Myles's abuse of process claim as untimely.

(iii) Myles also asserts an IIED claim. The elements of IIED are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous

6

conduct." *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991) (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). As with Myles's abuse of process claim, each act that qualifies as IIED restarts the statute of limitations period for the claim. *Murray*, 79 Cal. App. 4th at 1363–64; *see also Aryeh*, 55 Cal. 4th at 1192. Myles alleges "outrageous, intentional, and malicious" behaviors—such as the knowingly baseless maintenance of her suspension and continued "use of the investigatory process to interrogate Ms. Myles, harass her, humiliate her, and demoralize her"—that occurred "through November 2017." Her IIED claim was also timely filed.

The district court rejected Myles's continuing violations doctrine argument on the ground that Myles had only alleged continued "ill effects" from actions that occurred in 2015 or earlier. But, as explained, Myles's claims rest on the occurrence of a series of related actions occurring "through November 2017," not just continuing effects from earlier acts. So the continuing violations doctrine applies, and the claims discussed did not accrue until November 2017. *Aryeh*, 55 Cal. 4th at 1192.

5. We reverse the dismissal of Myles's two outstanding *Bivens* claims as untimely on the same ground, without speaking to the merits.[1] Myles's *Bivens*

---

[1] We note that the Supreme Court recently established that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 142 S. Ct. 1793, 1806–08 (2022); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1863–1865 (2017).

claims turn on the assertion that the five individual defendants violated her free speech and due process rights each day during the pendency of the state criminal proceedings by knowingly facilitating the maintenance of baseless criminal charges against her and by taking specific wrongful acts such as providing the OCDA with false testimony and fabricated evidence. Her claims thus accrued in November 2017. *Cf. Heck*, 512 U.S. at 489; *Rosales-Martinez*, 753 F.3d at 895; *Aryeh*, 55 Cal. 4th at 1192. As the statute of limitations on *Bivens* claims is two years, *Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir. 1991), her claims were timely filed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Costs are awarded to appellant.