FILED

**NOT FOR PUBLICATION**

APR 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL BLUMBERG, | No. 12-56568 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05072-GAF-AJW |
| v. | |
| BRIAN HEWITT; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted October 14, 2014**

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Former California state prisoner Paul Blumberg appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil

rights violations arising from his state court conviction for assault with a

semiautomatic firearm, attempted murder, and conspiracy to commit murder.  We

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(c). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We may affirm on any ground supported by the record. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006). We affirm in part, reverse in part, and remand.

The district court properly dismissed Blumberg's malicious prosecution claims as *Heck*-barred because a favorable judgment on these claims would necessarily imply the invalidity of his guilty plea conviction for attempted murder. *See id.* at 703-04. To the extent that Blumberg's other claims are premised on his alleged actual innocence, they fail for the same reason.

However, Blumberg's procedural due process and conspiracy claims are premised at least in part on "*Brady* violations" and "fabrication of evidence" in Blumberg's 1998 conviction, which has been reversed, and his later guilty plea may have been "completely insulated from" defendants' alleged violations. *Jackson v. Barnes*, 749 F.3d 755, 759-60 (9th Cir. 2014) (Fifth Amendment violation claims against county sheriff's department and deputy were not *Heck*-barred because the criminal defendant was reconvicted without use of the evidence obtained in violation of his constitutional rights). We therefore reverse and remand for the district court to consider if and to what extent Blumberg's plea to the crime of attempted murder affects his § 1983 claims. *See Rosales-Martinez v. Palmer*,

753 F.3d 890, 899 (9th Cir. 2014) (remanding for the district court to consider, among other things, whether facts allocuted to by plaintiff as part of his guilty plea are inconsistent with the allegations of plaintiff's § 1983 action).

To the extent that Blumberg's claims against defendant Hewitt arise from Hewitt's alleged perjury, dismissal of Blumberg's claims was proper because absolute immunity protects a police officer testifying as a witness. *See Paine v. City of Lompoc*, 265 F.3d 975, 981-82 (9th Cir. 2001) (discussing witness immunity).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**