FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL BLUMBERG,

          Plaintiff - Appellant,

  v.

BRIAN HEWITT, BRAD FOSS,
CITY OF LOS ANGELES,
COUNTY OF LOS ANGELES,

          Defendants - Appellees.

No. 15-56216

D.C. No. 2:10-cv-05072-R-AJW

ORDER

Before:    McKEOWN and CALLAHAN, Circuit Judges, and QUIST, District Judge [*]

    The Petition for Rehearing is DENIED. No future petitions will be entertained. An Amended Memorandum Disposition will be entered.

    *    The Honorable Gordon J. Quist, Senior District Judge for the United States Court for the Western District of Michigan, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL BLUMBERG, | No. 15-56216 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05072-R-AJW |
| v. | AMENDED MEMORANDUM[*] |
| BRIAN HEWITT, BRAD FOSS, CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California,
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Before:    McKEOWN and CALLAHAN, Circuit Judges, and QUIST,
District Judge[**]

Plaintiff, Paul Blumberg, appeals the district court's order granting

Defendants' motions to dismiss.  Blumberg had been convicted in state court in a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gordon J. Quist, Senior District Judge for the United States
Court for the Western District of Michigan, sitting by designation.

1998 trial at which the individual defendants in the instant case testified. After exhausting state remedies, Blumberg's conviction and sentence were overturned on habeas review. *Blumberg v. Garcia*, 687 F. Supp. 2d 1074, 1141 (C.D. Cal. 2010). Blumberg then filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his right to due process by testifying falsely and suppressing favorable material evidence. While his § 1983 case was pending, Blumberg pled guilty to the same attempted murder and, pursuant to a plea agreement, was sentenced to time served. The district court dismissed the claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Blumberg v. Hewitt*, No. CV 10-5072 GAF (AJWx), 2012 WL 12882723 (C.D. Cal. July 26, 2012). We reversed and remanded, directing the district court to consider the case in light of *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), and *Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014). *Blumberg v. Hewitt*, 599 F. App'x 715 (9th Cir. 2015). Blumberg moved to amend his operative complaint, which had been filed before he entered a guilty plea. The district court, without ruling on the motion to amend, again dismissed the § 1983 claims as *Heck*-barred.

The key language in *Heck* is:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

2

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (footnotes omitted).

When Blumberg's habeas petition was granted, his original conviction was vacated. *Garcia*, 687 F. Supp. 2d at 1141. Therefore, Blumberg's § 1983 claims do not implicate the validity of that conviction, as it has already been "called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Resolving whether Blumberg's § 1983 claims are barred by *Heck* depends on the interplay between those claims and his subsequent guilty plea. *See Jackson*, 749 F.3d at 759–60.

The district court did not address whether Blumberg's § 1983 claims necessarily imply the invalidity of his subsequent guilty plea. Instead, the district court simply stated that his claims "necessarily require demonstration of [Blumberg's] alleged innocence." However, neither *Brady v. Maryland*, 373 U.S.

3

83 (1963), nor *Napue v. Illinois*, 360 U.S. 264 (1959), requires actual innocence. *See Soto v. Ryan*, 760 F.3d 947, 958 (9th Cir. 2014); *Osborne v. Dist. Attorney's Office for the Third Judicial Dist.*, 521 F.3d 1118, 1134 (9th Cir. 2008), *rev'd on other grounds*, 557 U.S. 52 (2009).

The district court abused its discretion by dismissing these claims without the opportunity to amend because, first, Blumberg's § 1983 complaint was filed before his guilty plea and, second, dismissal without leave to amend is generally improper unless the complaint "could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Without comparing a proposed amended complaint against Blumberg's subsequent guilty plea, we cannot determine whether amendment would be futile.[1]

Although we denied on appeal Defendants' motion for judicial notice of certain documents, we make no comment on the appropriateness of those documents to the district court's decision on remand.

**REVERSED AND REMANDED.**

---

[1] At oral argument, Blumberg conceded that he had no compensatory damages recovery based on incarceration to the extent of the sentence validly imposed and received after the 2012 guilty plea.

4